# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **DINO JAY SCHWERTZ** | **CIVIL ACTION** |
| **VERSUS** | **NO. 09-018** |
| **SCOTT GARNER, ET AL.** | **SECTION: "D"(3)** |

## REPORT AND RECOMMENDATION

Plaintiff, Dino Jay Schwertz, a state pretrial detainee, filed this *pro se* complaint, pursuant to 42 U.S.C. § 1983, against St. Tammany Parish Assistant District Attorney Scott Garner, St. Tammany Parish District Attorney Walter Reed, St. Tammany Parish Sheriff Jack Strain, and the "St. Tammany Courts". Plaintiff claims that he is wrongfully being held for a crime he did not commit based upon "a lieing [sic] confession". In relief, plaintiff seeks to have Assistant District Attorney Garner fired and seeks his release from custody. Plaintiff also seeks monetary compensation for his loss of wages, along with the anguish that he and his family have suffered as a result of defendants' wrongful actions.

Federal law mandates that federal courts "review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks

redress from a governmental entity or officer or employee of a governmental entity." 28 U.S.C. § 1915A(a).[1]  Regarding such lawsuits, federal law further requires:

> On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint –
>
> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b).

Additionally, with respect to actions filed *in forma pauperis*, such as the instant lawsuit, federal law similarly provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that ... the action or appeal –
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary damages against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2)(B).

The court has broad discretion in determining the frivolous nature of a complaint. Cay v. Estelle, 789 F.2d 318, 325 (5th Cir. 1986), modified on other grounds, Booker v. Koonce, 2 F.3d 114 (5th Cir. 1993).  In making that determination, the court has "not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly

---

[1] "[T]he term 'prisoner' means any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law or the terms and conditions of parole, probation, pretrial release, or diversionary program." 28 U.S.C. § 1915A(c).

baseless." Neitzke v. Williams, 490 U.S. 319, 327 (1989); Macias v. Raul A. (Unknown), Badge No. 153, 23 F.3d 94, 97 (5th Cir. 1994). Thus, a complaint is frivolous "if it lacks an arguable basis in law or fact." Reeves v. Collins, 27 F.3d 174, 176 (5th Cir. 1994); Booker, 2 F.3d at 115 & n.6. Although broadly construing plaintiff's complaint,[2] the undersigned nevertheless recommends that, for the following reasons, plaintiff's claims be dismissed.

Plaintiff, on page three of his complaint, sets forth March 11, 2008, as his "date of arrest", but sets forth no "date of conviction". To the extent plaintiff is seeking release pending his state criminal trial, that relief is not available in a federal civil rights action. When a state inmate challenges the very fact or duration of his physical imprisonment, and the relief he seeks is immediate release or a speedier release, his sole federal remedy is a writ of *habeas corpus*. Boyd v. Biggers, 31 F.3d 279, 283 n.4 (5th Cir. 1994) (quotation marks omitted). If plaintiff wishes to pursue that form of relief, he should do so by attempting to file a federal *habeas corpus* petition *after* exhausting his remedies in state court.[3]

---

[2] The court must liberally construe a *pro se* civil rights complaint. See Moore v. McDonald, 30 F.3d 616, 620 (5th Cir. 1994).

[3] Further, out of an abundance of caution, the court notes that it would be futile to broadly construe the complaint as a petition seeking *habeas corpus* relief pursuant to 28 U.S.C. § 2241. It is clear that a petitioner seeking relief from a federal court under § 2241 normally must first have exhausted his claims in the state courts. The United States Fifth Circuit Court of Appeals has held:

> Section 2241(c)(3), which empowers district courts to issue the writ before a judgment is rendered in a criminal proceeding, makes no reference to exhaustion. Despite the absence of an exhaustion requirement in the statutory language of section 2241(c)(3), a body of case law has developed holding that although section 2241 establishes jurisdiction in the federal courts to consider pre-trial habeas corpus petitions, federal courts should abstain from the

The court must now determine whether any viable § 1983 claims are raised by plaintiff's complaint. Defendants, Assistant District Attorney Scott Garner and District Attorney Walter Reed, were clearly acting within the scope of their duties in initiating a criminal prosecution against plaintiff. As such, both are entitled to absolute prosecutorial immunity. <u>Imbler v. Pachtman</u>, 424 U.S. 409, 96 S.Ct. 984, 47 L.Ed.2d 128 (1976); <u>Beck v. Texas State Bd. Of Dental Examiners</u>, 204 F.3d 629, 634 (5th Cir.), <u>cert</u>. <u>denied</u>, 531 U.S. 871, 121 S.Ct. 171, 148 L.Ed.2d 117 (2000).

---

> exercise of that jurisdiction if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner.
> The exhaustion doctrine of section 2241(c)(3) was judicially crafted on federalism grounds in order to protect the state courts' opportunity to confront and resolve any constitutional issues arising within their jurisdictions as well as to limit federal interference in the state adjudicatory process.

<u>Dickerson v. Louisiana</u>, 816 F.2d 220, 225 (5th Cir. 1987); <u>see also</u> <u>Braden v. 30th Judicial Circuit Court of Kentucky</u>, 410 U.S. 484 (1973). The Court of Appeals has further held:

> [A] claim is not exhausted unless the habeas petitioner provides the highest state court with a "fair opportunity to pass upon the claim," which in turn requires that the applicant "present his claims before the state courts in a procedurally proper manner according to the rules of the state courts."

<u>Mercadel v. Cain</u>, 179 F.3d 271, 275 (5th Cir. 1999) (quoting <u>Dupuy v. Butler</u>, 837 F.2d 699, 702 (5th Cir. 1988)).

Therefore, a Louisiana pretrial detainee generally cannot proceed to federal court pursuant to § 2241 unless he has first presented his claims to and received an adjudication from the state's highest court, the Louisiana Supreme Court, in a procedurally proper manner. Plaintiff has not met that requirement. A legal search reveals that the Louisiana Supreme Court has issued no adjudication with regard to plaintiff. Because the Louisiana Supreme Court has never been afforded a "fair opportunity" to pass upon plaintiff's claims, the claims would not be exhausted. Accordingly, the interests of comity and abstention recognized in <u>Dickerson</u> and <u>Braden</u> would be offended if this court were to address the claims. Federal intervention at this juncture would only serve to disrupt the state judicial processes.

With regard to Sheriff Strain, it is well-established that a supervisory official cannot be held liable pursuant to § 1983 under any theory of <u>respondeat superior</u> simply because an employee or subordinate allegedly violated plaintiff's constitutional rights. See <u>Alton v. Texas A&M University</u>, 168 F.3d 196, 200 (5th Cir. 1999); <u>see also</u> <u>Baskin v. Parker</u>, 602 F.2d 1205, 1208 (5th Cir. 1979). A state actor may be liable under § 1983 only if he "was personally involved in the acts allegedly causing the deprivation of constitutional rights or that a causal connection exists between an act of the official and the alleged constitutional violation." <u>Douthit v. Jones</u>, 641 F. 2d 345, 346 (5th Cir. 1981); <u>see also</u> <u>Watson v. Interstate Fire & Casualty Co.</u>, 611 F. 2d 120 (5th Cir. 1980). In this case, plaintiff makes no allegation that Sheriff Strain was personally involved in or had any knowledge of the circumstances of plaintiff's arrest and subsequent incarceration.

Plaintiff has also named as a defendant the "St. Tammany Courts". Plaintiff's § 1983 claim against the courts must be dismissed because state courts are not juridical entities capable of being sued under 42 U.S.C. § 1983. <u>Moity v. Louisiana State Bar Association</u>, 414 F. Supp. 180, 182 (E.D. La.) ("state courts are not considered 'persons' within the meaning of § 1983"), <u>aff'd</u>, 537 F.2d 1141 (5th Cir. 1976); <u>Knight v. Guste</u>, Civ. Action No. 07-1124, 2007 WL 1248039, at *3 (E.D. La. Apr. 27, 2007). Further, unless and until plaintiff is able to have his confinement invalidated by an appropriate state or federal tribunal, he has no § 1983 cause of action for the improprieties of which he complains herein. <u>Heck v. Humphrey</u>, 512 U.S. 477, 114 S.Ct. 2364, 129 L.Ed.2d 383 (1994). Plaintiff's § 1983 claims should thus be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i) as lacking an arguable basis in law and fact. See <u>Johnson v. McElveen</u>, 101 F.3d 423, 424 (5th Cir. 1996).

**RECOMMENDATION**

For the foregoing reasons, it is recommended that plaintiff's complaint, insofar as it can be construed as a request for habeas corpus relief, be dismissed without prejudice for failure to exhaust available state court remedies.

It is further recommended that plaintiff's § 1983 claims be dismissed with prejudice under 28 U.S.C. § 1915(e)(2)(B)(i).

A party's failure to file written objections to the proposed findings, conclusions, and recommendation contained in a magistrate judge's report and recommendation within 10 days after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. Douglass v. United Services Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996) (en banc).

New Orleans, Louisiana, this  16th  day of January, 2009.

**DANIEL E. KNOWLES, III**
**UNITED STATES MAGISTRATE JUDGE**